J-S11009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
SEMAJ RUSSELL WILSON :
:
Appellant :
: No. 729 WDA 2021

Appeal from the PCRA Order Entered May 27, 2021
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000980-2018

BEFORE: PANELLA, P.J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.: **FILED: June 7, 2022**

Semaj Russell Wilson appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9545. Wilson raises an after-discovered evidence and various ineffective assistance of counsel claims. We affirm.

On the morning of September 12, 2017, Wilson entered the home of his former girlfriend, Alisha Matteson, and attacked Matteson's paramour, David Bain. Wilson stabbed Bain in the left torso and right arm. Bain fled the house, and when police arrived shortly thereafter, they observed emergency responders tending to Bain at a street corner near Matteson's residence. Bain identified Wilson as the perpetrator to the responding police officers. The police arrested Wilson and charged with him numerous crimes.

At the preliminary hearing, Bain testified that Wilson punched him, accused him of "f—king my girl," and stabbed him with a knife. Wilson's counsel cross-examined Bain at the hearing. Bain unexpectedly died following the preliminary hearing. At the subsequent jury trial, Matteson testified that she saw the attack, and identified Wilson as the perpetrator. The Commonwealth also read Bain's preliminary hearing testimony to the jury over Wilson's objection.

Ultimately, the jury convicted Wilson of four counts of aggravated assault and one count each of possessing an instrument of crime and simple assault. Separately, the trial court found Wilson guilty of harassment. The trial court sentenced Wilson to an aggregate prison term of 7½ to 15 years. This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal. **See Commonwealth v. Wilson**, 59 WDA 2019 (Pa. Super. filed July 30, 2019), *appeal denied*, 222 A.3d 1130 (Pa. 2020).

Wilson, *pro* se, filed a timely PCRA petition. The PCRA court appointed Wilson counsel, who filed a supplemental petition. In the petitions, Wilson raised various ineffective assistance of counsel claims and an after-discovered evidence claim. As part of his after-discovered evidence claim, Wilson submitted a written statement proffered by Ricardo Burgos, which indicated that Matteson told him the Commonwealth improperly coerced her identification testimony through threats that she would lose her children if she did not cooperate. The PCRA court issued a Pa.R.Crim.P. 907 notice and

subsequently dismissed Wilson's PCRA petition without a hearing. This timely appeal followed.

On appeal, Wilson raises the following questions for our review:

A. Whether the lower [c]ourt erred in failing to find prosecutorial misconduct in the nature of the after-discovered evidence relating to the Ricardo Burgos affidavit appended to [Wilson's] PCRA Petition in which Burgos relates the content of a conversation he had with Commonwealth witness Alicia Matteson in which she concedes that she never observed [Wilson] commit any criminal acts in regard to this case including assaulting the victim, Bain, and that she was pressured and coerced into falsifying her testimony at the preliminary hearing and trial to implicate [Wilson] under threat that the Office of Children and Youth would otherwise remove her children from her custody?

B. Whether the lower court erred in failing to find that Alicia Matteson was fatally compromised by her self-admitted act of committing perjury at the instigation of the Commonwealth threats and further compromised by an additional **_Brady_** violation in that the Commonwealth failed to disclose that Matteson had a prior criminal conviction for retail theft?

C. Whether the lower [c]ourt erred in failing to find ineffective assistance of counsel in that defense counsel failed to properly impeach Commonwealth witness Alicia Matteson pertaining to the material inconsistencies between her preliminary hearing testimony and her trial testimony where in her statements to the police and preliminary hearing testimony she indicated that she did not witness the altercation at issue while at trial she contradicted this by stating she did witness the subject altercation and identified [Wilson] as the perpetrator?

D. Whether the lower [c]ourt erred in failing to find ineffective assistance of counsel in that defense counsel failed to duly cross-examine Alicia Matteson as to her amenability to testify at trial as there was some underlying agreement reached with the Commonwealth for her cooperation arising from pressure and coercion imposed as to the Office of Children and Youth threats made against her custodial interests relative to her children?

E. Whether the lower [c]ourt erred in failing to find ineffective assistance of counsel in that defense counsel did not employ sufficient efforts at impeachment against the alleged victim Bain as to his preliminary hearing testimony, which ultimately was offered at trial due to his pre-trial death given that David Bain revealed in that testimony that he had used heroin on the morning at issue and that he had a history of substance abuse?

F. Whether the lower [c]ourt erred in failing to discern and appreciate that David Bain made several material and significant errors and contradictions in his testimony, which served to call into question his veracity and capacity to accurately recall what transpired and his purported identification of [Wilson]?

Brief for Appellant at 2-3.[1]

This Court's standard of review regarding a PCRA court's dismissal of a PCRA petition is whether the PCRA court's decision is supported by the evidence of record and is free of legal error. ***See Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011).

In his first claim, Wilson contends that the PCRA court erred in denying his after-discovered evidence claim that the Commonwealth improperly coerced Matteson's identification testimony through threats that she would lose her children if she did not cooperate. ***See*** Brief for Appellant at 6. Specifically, Wilson cites to Burgos's written statement to support his claim and suggests the Commonwealth's conduct purposefully tainted the trial

_____

[1] The Commonwealth did not file a brief in this case.

process and that the PCRA court should have granted an arrest of judgment. ***See id.*** at 6-7.

> To obtain relief on an after-discovered evidence claim, Wilson
>
> must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

***Commonwealth v. Padillas***, 997 A.2d 356, 363 (Pa. Super. 2010) (citation omitted). The four-part test is conjunctive and if one prong is not satisfied, there is no need to analyze the remaining prongs. ***See Commonwealth v. Small***, 189 A.3d 961, 972 (Pa. 2018).

Wilson attached to his PCRA petition an affidavit from Burgos, which stated:

> Back in July of 2018, I stopped by a friend's house[,] "Alicia Matteson[,]" to check & see how she was doing. We were talking & came upon a subject that seemed to be bothering her. She tells me that she is being forced to testify about a stabbing on "Samaj Wilson" aka Reek, but don't [*sic*] really know who done it, & says that it could be somebody else who done it. She says that if she doesn't she could get her kids taken away by [CYS]. So I inform her that the D.A. isn't allowed to do that, & you can't say somebody done something if you don't know for sure, but she tells me she can't take the chance of possibly losing her kids. So[,] if the D.A. wants her to testify on "Samaj Wilson[,]" she has to.

Affidavit of Burgos, 1/24/20.

Here, at trial, Matteson identified Wilson as the perpetrator of the assault on multiple occasions. ***See*** N.T., 9/18/18, at 12, 16, 37, 40. Therefore, Burgos's statements would only serve to impeach Matteson's credibility

regarding her identification testimony. *See Commonwealth v. Foreman*, 55 A.3d 532, 537 (Pa. Super. 2012) (concluding that the after-discovered evidence was not admissible, as appellant merely sought to introduce the evidence to impeach the detective's testimony). Moreover, there is nothing to suggest that Burgos's affidavit would have compelled a different result at trial. Notably, Wilson ignores that the victim, Bain, also identified Wilson as the person who attacked him. Accordingly, Wilson fails to meet the after-discovered evidence test and his first claim is without merit.

In his second claim, Wilson argues that the Commonwealth committed a *Brady*[2] violation by failing to disclose that Matteson had a prior retail theft conviction, which deprived him of meaningful impeachment evidence. *See* Brief for Appellant at 8. Wilson suggests that this evidence in conjunction with Burgos's statement established that Matteson's testimony was compromised. *See id.*

Instantly, Wilson's half-page argument is devoid of any discussion of our cases, standards, or legal authority about *Brady*. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (noting that appellate courts will not consider an argument where an appellant fails to cite to any legal authority or otherwise develop the issue). Moreover, Wilson's brief provides no discussion

---

[2] In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court of the United States held that prosecutors have a duty to disclose exculpatory evidence in the prosecutor's possession to defendants.

of when he learned of Matteson's prior conviction or why he could not have raised the issue earlier. Wilson's failure waives the issue for purposes of review. *See* 42 Pa.C.S.A. § 9544(b) (stating "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal[,] or in a prior state postconviction proceeding"); *Commonwealth v. Chmiel*, 30 A.3d 1111, 1129 (Pa. 2011) (concluding that the appellant's *Brady* PCRA claim concerning an alleged deal between the prosecutor and two material witnesses was waived for failure to have raised it in an earlier proceeding).[3]

In his third claim, Wilson contends that his trial counsel was ineffective for failing to impeach Matteson's testimony at trial due to significant disparities from her preliminary hearing testimony. *See* Brief for Appellant at 8, 10-11. According to Wilson, in Matteson's preliminary hearing testimony, she stated that she did not witness the altercation; however, at trial, she indicated that she witnessed the assault and identified Wilson as the perpetrator. *See id.* at 10-11. Wilson suggests that counsel's failure had significant consequences,

---

[3] Nevertheless, we note that Wilson's claim lacks merit. It is well-settled that "no *Brady* violation occurs where the parties had equal access to the information or if the defendant knew or could have uncovered such evidence with reasonable diligence." *Commonwealth v. Spotz*, 896 A.2d 1191, 1248 (Pa. 2006) (citation omitted). Here, as the PCRA court noted, evidence of Matteson's "prior conviction was readily available to [Wilson] through investigation and review of public records." PCRA Court Opinion, 4/28/21, at 5.

maintaining that Matteson's testimony corroborated Bain's preliminary hearing testimony. *See id.* at 11.

To succeed on an ineffectiveness claim, Wilson must demonstrate by a preponderance of evidence that "(1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction." ***Commonwealth v. Brown***, 196 A.3d 130, 150 (Pa. 2018) (citation omitted). Counsel is presumed to be effective, and the burden is on the appellant to prove otherwise. ***See Commonwealth v. Hanible***, 30 A.3d 426, 439 (Pa. 2011). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. ***See Commonwealth v. Montalvo***, 244 A.3d 359, 368 (Pa. 2021).

As a preliminary matter, Wilson did not prove he was prejudiced by counsel's failure in this regard because he fails to cite to any place in the record where Matteson testified inconsistently with her testimony at the preliminary hearing or her statements to the police. ***See Commonwealth v. Johnson***, 815 A.2d 563, 574 (Pa. 2002) (noting that a claim of ineffective assistance of counsel cannot be based on speculation and conjecture but must have a foundation in facts and evidence).

Moreover, at trial, Wilson's counsel thoroughly examined Matteson and attempted to impeach her credibility through questions about her conflicting interests and her impairment to accurately recall the incident due to drug use.

Specifically, Wilson's counsel questioned Matteson on her recollection of the evidence and whether her heroin use on the morning of the incident diminished her memory. **See** N.T., 9/18/18, at 24-25, 36-37. Wilson's counsel also examined Matteson regarding her prior relationship with Bain, and whether she lied in identifying Wilson to protect herself from other drug dealers or protect her current paramour. **See id.** at 34-37. Based upon the foregoing, we conclude that Wilson's underlying ineffectiveness claim also lacks merit, and counsel was not ineffective on these grounds. **See** **Commonwealth v. Dennis**, 715 A.2d 404, 408-09 (Pa. 1998) (stating that trial counsel was not ineffective in failing to impeach a witness on specific grounds, where trial counsel adequately cross-examined and impeached the witness in other ways).

In his fourth claim, Wilson argues that trial counsel was ineffective for failing to cross-examine Matteson regarding her agreement with the Commonwealth to cooperate in this prosecution in response to alleged threats to her custodial interests of her children. **See** Brief for Appellant at 11. Wilson asserts that a more searching examination may have revealed why Matteson chose to testify against him. **See id.**

Again, Wilson's half-page argument does not cite to any pertinent case law to support his claim and is entirely devoid of analysis. *See Johnson*, 985 A.2d at 924. Therefore, his claim is waived on appeal.[4]

In his fifth claim, Wilson asserts that his counsel was ineffective for failing to impeach Bain's testimony based upon his drug use on the morning of the assault and his substance abuse issues. *See* Brief for Appellant at 12. According to Wilson, such evidence calls into question Bain's ability to recall and relate the facts that occurred. *See id.*

Wilson's three-sentence argument does not cite to any pertinent case law or the record. Accordingly, Wilson's claim is waived on appeal. *See Johnson*, 985 A.2d at 924.[5]

In his final claim, Wilson contends that counsel was ineffective for failing to cross-examine and impeach Bain during the preliminary hearing based upon several omissions and contradictions between his statements to the police and

---

[4] Nonetheless, Wilson's underlying ineffectiveness claim is without merit. Indeed, outside of Burgos's bald allegations, Wilson provides no proof that the Commonwealth threatened Matteson with taking her kids away through CYS. Further, as noted above, Wilson's counsel thoroughly cross-examined Matteson at trial and she explicitly identified Wilson as the perpetrator.

[5] Notably, Wilson sought to introduce evidence at trial that Bain was a heroin user. The trial court granted the Commonwealth's motion *in limine* to exclude such evidence but indicated that Bain's heroin use might become admissible if it was connected to the morning of the attack. *See* N.T., 9/17/18, at 7-11. Nevertheless, Wilson did not proffer any evidence at trial that Bain had taken heroin on the morning of the attack. Here, Wilson again fails to present any such evidence.

at the preliminary hearing. *See* Brief for Appellant at 12-13. Specifically, Wilson argues that Bain provided inconsistent times for the assault (8:15 a.m. at the preliminary hearing and 8:40 a.m. in his statement to the police), and how he came upon an ambulance after the assault (he located the ambulance on his own at the preliminary hearing and a motorist aided him in securing an ambulance in his statement to the police). *See id.* at 12. Wilson further asserts that Bain indicated that Matteson was his friend at the preliminary hearing but informed the police that she was his girlfriend at the scene. *See id.* at 13. Wilson claims that such inconsistencies are sufficient to call into question the veracity of Bain's entire account and could have served as a predicate for counsel to seek a false in one, false in all jury instruction. *See id.*

It is well-established that "mere dissimilarities or omissions in prior statements ... do not suffice as impeaching evidence; the dissimilarities or omissions must be substantial enough to cast doubt on a witness' testimony to be admissible as prior inconsistent statements." *Commonwealth v. Luster*, 71 A.3d 1029, 1043 (Pa. Super. 2013) (citation and brackets omitted).

Preliminarily, on direct appeal, this Court found that Wilson did not establish that Bain's prior statements to the police were inconsistent with Bain's testimony at the preliminary hearing. *See Wilson*, 59 WDA 2019 (unpublished memorandum at 7). Specifically, this Court found that Bain's

sexual involvement with Matteson was not meaningful impeachment material, noting that Bain testified in the preliminary hearing only concerning his relationship with Matteson at that time of the September 2017 attack, not that he was never romantically or sexually involved with Matteson. *See id.* at 8 (citing N.T., 4/2/18, at 1). In any event, this Court concluded that evidence of a sexual relationship between Bain and Matteson supported the Commonwealth's theory of the case, that Wilson was a jealous ex-boyfriend who attacked Bain because Bain was involved with Matteson. *See id.*

Here, based upon this Court's conclusion on direct appeal, Wilson fails to establish that his underlying ineffectiveness claim has arguable merit. Indeed, any purported discrepancy in the time of the attack, how Bain came upon an ambulance, and whether Bain was Matteson's boyfriend did not render his overall testimony inherently unreliable. Significantly, there was no inconsistency as to Bain's testimony regarding his identification of Wilson as the perpetrator. Furthermore, Matteson consistently identified Wilson as the perpetrator at trial. *See Commonwealth v. Solano*, 129 A.3d 1156, 1172 (Pa. 2015) (finding that counsel was not ineffective for failing to impeach detective's testimony as other witnesses confirmed the detective's underlying statements). Therefore, Wilson has not demonstrated that trial counsel was ineffective, and his final claim is without merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/7/2022